UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANAMIKI MOTILAL,** | * | **CIVIL ACTION** |
| **Plaintiff,** | | |
| | * | **NO. 2:23-cv-04560** |
| **VERSUS** | | |
| | * | **JUDGE LANCE M. AFRICK** |
| **GEOVERA ADVANTAGE** | | |
| **INSURANCE SERVICES, INC.,** | * | **MAG. JUDGE MICHAEL B. NORTH** |
| **Defendant.** | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**NOW INTO COURT**, through undersigned counsel, comes defendant GeoVera Advantage Insurance Services, Inc. ("GeoVera Advantage"), who submits the following memorandum in support of its Motion to Dismiss.

**INTRODUCTION**

This lawsuit stems from alleged property damage that occurred on August 29, 2021, (Hurricane Ida). On August 27, 2023, plaintiff filed a "Complaint for Damages" in the United States District, Eastern District of Louisiana (Doc. 1). On October 18, 2023, GeoVera Advantage was served through the Louisiana Commissioner of Insurance. (Exhibit 1).

**LEGAL STANDARD**

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The Court can also consider documents referenced in and central to a party's claims only if plaintiffs do not object. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Courts "may also consider matters

of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (internal citation omitted) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir.1996) (unpublished opinion). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Plaintiff does not have a right of action against GeoVera Advantage because GeoVera Advantage did not issue an insurance policy to plaintiff. GeoVera Specialty Insurance Company ("GeoVera Specialty") issued Policy Number FL00001497 to plaintiff Anamiki Motilal. (Exhibit 2 - certified copy of Policy Number FL00001497). On the face of the insurance policy, GeoVera Advantage is the broker, and GeoVera Specialty is the insurer. See also Exhibit 3: "GeoVera Advantage Insurance Services, Inc. We are a full service brokerage offering superior policy and claims service for the GeoVera Insurance Group of companies." Finally, even if plaintiff had filed suit against GeoVera Specialty, that lawsuit would be dismissed because plaintiff settled his claims against GeoVera Specialty on August 10, 2023, seventeen days before this lawsuit was filed. (Exhibit 4).

## CONCLUSION

For the foregoing reasons, defendant GeoVera Advantage Insurance Services Inc.'s Motion to Dismiss should be granted, and plaintiff's claims against GeoVera Advantage should be dismissed, with prejudice.

Respectfully Submitted,

**LOWE STEIN, LLC**

*/s/ Max J. Cohen*
**MAX J. COHEN (17515)**
**MELANIE C. LOCKETT (30601)**
**701 Poydras Street, Suite 3600**
**New Orleans, Louisiana 70139**
**(504) 581-2450**
**(504) 581-2461 (Fax)**
mcohen@lowestein.com
mlockett@lowestein.com
*Attorneys for Defendant, GeoVera Advantage Insurance Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record to this proceeding accepting service electronically via the CM/ECF or by hand delivery, fax, Federal Express, or U.S. Mail, postage prepaid and properly addressed to those who are not, on this 18th day of December, 2023.

*/s/ Max J. Cohen*
**MAX J. COHEN**